IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MOISES ZAMORA,<br><br>  Plaintiff,<br><br>v.<br><br>JASON FREDRICK, DEBRA COLLINS, ROOSEVELT COUNTY JAIL,<br><br>  Defendants. | Cause No. CV 22-92-GF-BMM<br><br>ORDER |

  On September 19, 2022, Plaintiff Moises Zamora filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 2.) This Court subsequently granted Mr. Zamora's motion to proceed in forma pauperis. (Doc. 5.)

  Mr. Zamora did not use the Court's standard form in filing his Complaint. He also did not identify the exact constitutional claims, law, or statue under which he was proceeding. (*See* Doc. 5 at 1–2.) He was provided the opportunity to file an Amended Complaint. (*Id.* at 1.) Mr. Zamora was advised that he needed to follow as to each named Defendant. (*Id.* at 2.) Mr. Zamora was further advised that if he wished to proceed, he needed to file his Amended Complaint on or before October 31, 2022. (*Id.* at 6.) He was provided with the Court's standard form. (*Id.*)

1

To date, Mr. Zamora has not complied with the order directing him to file his Amended Complaint. Mr. Zamora is no longer in custody of the Roosevelt County Jail, but he has failed to provide this Court with an updated address as required. (*See Id.*; *see also* Doc. 4 at 2.) Additionally, in his companion criminal case, the Court was recently made aware that Mr. Zamora absconded from the furlough that had been granted and has not yet been apprehended by the United States Marshals Service. *See United States v. Zamora*, Cause No. CR-21-78-GF-BMM, Or. (filed Oct. 28, 2022).

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a motion. *See, e.g.*, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors

favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Mr. Zamora has failed to comply with this Court's order directing him to amend his complaint; he has also failed to update his address and has absconded. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mr. Zamora refuses to comply with the Court's orders and deadlines. Mr. Zamora's case has consumed judicial resources and time that could have been better spent on other matters. This factor also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondent. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Mr. Zamora was afforded an adequate amount of time in which to prepare and file his amended complaint. He was also advised of all of the legal standards and showings he was required to make and provided a form on which to submit his amended document. Despite guidance from the Court, Mr. Zamora has failed to comply. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). The weight of this factor is slight in light of the other four factors favoring dismissal. Given Mr. Zamora's failure to respond to this Court's orders and his absconding from furlough, no further resources will be expended and this matter will be dismissed based upon Mr. Zamora's failure to prosecute pursuant to Fed. F. Civ. P. 41(b).

Accordingly, the Court enters the following:

# ORDER

1. This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. This dismissal counts as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 1st day of November, 2022.

_____
Brian Morris, Chief District Judge
United States District Court